1  **FENNEMORE CRAIG, P.C.**
   Richard I. Dreitzer, Esq., NV Bar No. 6626
2  Kelly Klingseisen, Esq., NV Bar No. 15762
   300 South Fourth Street, Suite 1400
3  Las Vegas, Nevada 89101
   Telephone: (702) 692-8000
4  Facsimile: (702) 692-8099
   Email: rdreitzer@fennemorelaw.com;
5  kklingseisen@fennemorelaw.com

6  **CLARK HILL, PLLC**
   Dominic Gentile, Esq., NV Bar No. 1923
7  3800 Howard Hughes Parkway, Suite 500
   Las Vegas, NV 89169
8  Telephone: (702) 697-7508
   Facsimile: (702) 862-8400
9  Email: dgentile@ClarkHill.com

10 *Attorneys for Defendants/Counterclaimants*
   *BANK OF GEORGE and T. RYAN SULLIVAN*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN TRANG, an individual, | Case No.: 2:17-cv-00162-APG-EJY |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| BANK OF GEORGE, a Domestic Corporation; and T. RYAN SULLIVAN in his individual and professional capacity, | |
| Defendants. | |
| BANK OF GEORGE, a Domestic Corporation; and T. RYAN SULLIVAN in his individual and professional capacity, | |
| Counterclaimants, | |
| vs. | |
| STEVEN TRANG, an individual, | |
| Counterdefendant. | |

FENNEMORE CRAIG
ATTORNEYS
300 S. 4th ST.
SUITE 1400
LAS VEGAS, NEVADA 89101
702-692-8000

18618698.1/053476.0001

Plaintiff/Counterdefendant in the above-captioned action, STEVEN TRANG (hereinafter, "TRANG"), by and through his attorney of record, Andre Lagomarsino, Esq. of Lagomarsino Law, and Defendants/Counterclaimants BANK OF GEORGE, a Nevada corporation (hereinafter, "BOG") and T. RYAN SULLIVAN (hereinafter, "SULLIVAN") (BOG and SULLIVAN, together, "DEFENDANTS"), by and through their attorneys of record, Richard I. Dreitzer, Esq. and Kelly Klingseisen, Esq. of the law firm Fennemore Craig, P.C., hereby stipulate to the following Protective Order regarding the confidentiality of discovery materials.

**I.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the above-captioned action are likely to involve the production of confidential, proprietary, and/or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this protective order does not confer blanket protection for all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**II.     DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

A.      During this litigation, either party may designate as "confidential" any material produced in discovery if that party in good faith believes that the material contains protected non-public confidential information under state or federal law. Such discovery material is referred to herein as "confidential material." The party designating the material is referred to herein as the "designating party."

B.      "Confidential material," as the term is used in this protective order, includes all information and documents produced by the parties that qualify for protection under Nevada Rule of Civil Procedure 26(c).

C.      "Attorneys' Eyes Only" material as the term is used in this protective order, includes all information and documents produced by the parties that fall within one or more of the following categories: (a) trade secrets or other non-public information of a proprietary, strategic, financial, sales, customer, commercially valuable, and/or competitively sensitive

1  nature, or disclosed pursuant to the requirements of a regulatory or state agency; (b) sales and customer information, and (c) information, which if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties.

D.  The designating party will mark each page of appropriate documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The designation will avoid obscuring or defacing any portion of the discovery material. If marking as confidential each page of a document or a group of documents would cause undue burden, the designating party instead may designate as confidential a range of documents or pages, accompanied by a writing identifying the range as confidential. If a party inadvertently fails to designate discovery material as confidential, but subsequently determines that such material should have been so designated, it promptly will provide written notice to the opposing party of the confidential designation and the material will be treated as confidential from the receipt of the notice. On the other hand, if a party designates discovery material as confidential and later determines that it should not have been so designated, it will promptly provide the opposing party written notice of the removal of the designation and a duplicate copy of the discovery material without the confidential marking. All copies of confidential discovery material will also be considered confidential.

E.  Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced confidential material shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

F.  Material designated "CONFIDENTIAL" will not be disclosed to anyone other than the following qualified recipients: (a) the Court and its personnel; (b) counsel of record, in-house counsel, and staff; (c) deposition notaries and staff; (d) parties to this litigation; (e) any current or former officers, directors, or employees of Defendants; (f) and the following, provided that they expressly agree to be bound by the terms of this protective order by executing the form

1  attached as Exhibit A: (i) any expert or consultant retained in this action; (ii) witnesses and potential witnesses at, or in preparation for deposition, trial, or hearing or who otherwise require the information as directed by counsel; and (iii) outside vendors who perform copying, data entry, or similar functions. Confidential material may not be disclosed to other persons or entities without prior written consent of the designating party or court order. Such disclosure should be made only to the extent reasonably necessary for effective prosecution and defense of the claims in this action and for no other purpose.

G. Material designated "ATTORNEYS' EYES ONLY" will not be disclosed to anyone other than the following qualified recipients: (a) attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation; (b) independent technical experts or consultants, who have signed a document in the form attached as Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order (such signed document to be in the files of the attorney retaining the expert or consultant); and (c) any other person upon order of the court.

**III. CONDITIONS OF DISCLOSURE**

A. As set forth in paragraph II.F. and II.G. above, before disclosing confidential material to the persons qualified to receive it, counsel for the requesting party will secure from each such person the signed Exhibit A.

B. The parties' counsel will be responsible for distribution and control of confidential material. They will maintain a list of all persons to whom confidential material has been disclosed and the written assurances executed by such persons as provided in paragraphs II.F. and II.G. Confidential material will be copied only by counsel or persons assisting counsel and only for purposes permitted by this order.

C. The restrictions set forth in this protective order will not apply to information that is or becomes public knowledge through its authorized release and not in violation of this protective order. Whether material that becomes public will remain confidential under this protective order will be decided based on the standards and procedures herein. If confidential material is produced by a third party, the parties in this litigation may designate the material as

FENNEMORE CRAIG
ATTORNEYS
300 S. 4th St.
SUITE 1400
LAS VEGAS, NEVADA 89101
702-692-8000

18618698.1/053476.0001

4

such by marking it confidential and providing the marked copy to the opposing party who will either (1) agree the material is confidential under the terms of this protective order or (2) inform the other party that it disagrees the material should be governed by the terms of this protective order, but nonetheless will treat the material as confidential for at least 30 days from notice of the confidentiality designation, to give the party desiring protection sufficient time to seek relief from the Court. Treatment of the material as confidential will continue until the Court resolves the issue.

**IV.    PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS**

A.    During a deposition, either party may request any person present to sign the attached Exhibit A.

B.    To designate confidential information in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript.

C.    If confidential material is marked as an exhibit during a deposition, or hearing, or other proceeding in this action, and its contents are disclosed in testimony at such proceeding, counsel for the parties will (a) advise the reporter that the exhibit refers to confidential material or (b) notify the reporter in writing at any time up to 30 days after receipt of the transcript. In either instance, the material will be marked confidential and will be deemed as such. The reporter will not furnish copies to anyone other than to the parties herein, and, if so requested, the witness and his/her counsel.

**V.    USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS**

The parties may agree that a filing party may file documents designated confidential by the other party not under seal. If no such agreement is made before filing, the designating party will submit such confidential documents to the Court in chambers and as not part of any public filing. The non-designating party's public filing may contain only a reference to the confidential materials or a redacted version of the same. Thereafter, the designated party shall have ten (10) days to file a motion to seal such documents. While a motion to seal is pending, the non-designating party may not publicly file the documents sought to be sealed. In the event the

FENNEMORE CRAIG
ATTORNEYS
300 S. 4th St.
SUITE 1400
LAS VEGAS, NEVADA 89101
702-692-8000

18618698.1/053476.0001

1  designating party chooses not to file a motion to seal the confidential documents submitted to
2  chambers by the non-designating party, the non-designating party may then, after the expiration
3  of ten (10) days, publicly file the documents in a supplemental filing. If the party designating
4  such documents as confidential seeks to publicly filed such confidential documents, such filing
5  must be accompanied by a motion to file a document under seal. A motion to file a document
6  under seal will be served on opposing counsel, and on the person or entity that has custody and
7  control of the document, if it is different from opposing counsel. For motions that refer to
8  confidential material, the parties will publicly file a redacted version of the filing.

## VI. CHALLENGING A CONFIDENTIAL DESIGNATION

If a party disputes the designation of discovery material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," then the objecting party will notify the designating party in writing by electronic mail of such dispute. The notice will identify the material and explain the basis for the objection. The designating party will have 7 calendar days to provide a written response by electronic mail to the notice, explaining its reason(s) for designating the material as confidential. Should the objecting party dispute such reason(s), it will so notify the designating party, and the objecting party will have ten (10) calendar days from the date of such notice to seek relief from the Court. During the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material is properly designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In the event of a dispute, the parties will continue to treat the disputed material as confidential until the dispute is resolved informally between the parties or by the court.

## VII. NON-PARTY SUBPOENAS

Pursuant to FRCP 45 if any party receives a subpoena from any non-party to this protective order seeking production or disclosure of confidential material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than 5 business days after receiving the subpoena, to opposing counsel. The subpoenaed party will not disclose any confidential material for 7 business days, if possible, without violating the subpoena, after providing notice to the other party, and in no event make disclosure before notice is given. If,

FENNEMORE CRAIG
ATTORNEYS
300 S. 4th St.
SUITE 1400
LAS VEGAS, NEVADA 89101
702-692-8000

18618698.1/053476.0001

6

within this 7 business day period, court relief is sought from the subpoena with regard to any confidential material, the subpoenaed party will wait for the Court to resolve the issue or applicable rules direct otherwise.

### VIII.   ADDITIONAL RIGHTS

Nothing in this protective order will: (a) restrict any party with respect to its own material or discovery material that has not been designated confidential; (b) prejudice any party's rights to object to the production or disclosure of information, confidential or otherwise, it considers not subject to discovery; (c) restrict the proper scope of discovery that can be sought by any party; or (d) prejudice any party's right to seek relief from the terms of this protective order.

This protective order is without prejudice to the right of any party to move the Court for an order seeking protection of confidential material sought by or produced through discovery, which protection is different from or in addition to that provided for in this protective order, and such right is expressly reserved. Similarly, each party reserves the right to request the Court to order disclosure of materials subject to this protective order or request modification of this protective order.

### IX.   RETURN OF CONFIDENTIAL MATERIALS

Within 60 days after this action is concluded, including any appeals, materials designated as confidential, and copies thereof, will be destroyed. This provision will not apply to court filings or pleadings, briefs, or correspondence maintained by counsel during the ordinary course of business.

### X.   BINDING EFFECT

This protective order will remain in full force and effect at all times during which any party to this protective order or any person having executed the attached Exhibit A retains possession, custody, or control any confidential material.

### XI.   UNAUTHORIZED DISCLOSURE OR INADVERTENT PRODUCTION

If either party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this protective order, the receiving party must immediately: (a) notify the designating party in writing of the unauthorized

7

18618698.1/053476.0001

disclosure, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person(s) of the terms of the protective order, and (d) request such person(s) execute Exhibit A.

Attorney-client, work product, or any other privilege will not be waived by disclosure connected to this litigation. As a result, the parties agree that nothing in this protective order will be deemed to limit or waive the attorney-client, work product, or any other privilege.

**IT IS SO STIPULATED.**

DATED: this 26th day of July, 2021.

| **FENNEMORE CRAIG, P.C.** | **LAGOMARSINO LAW FIRM** |
|---|---|
| By: */s/ Richard I. Dreitzer*<br>RICHARD I. DREITZER, ESQ.<br>NV Bar No. 6626<br>KELLY KLINGSEISEN, ESQ.<br>NV Bar No. 15762<br>300 South Fourth Street, Suite 1400<br>Las Vegas, Nevada 89101<br>Telephone: (702) 692-8000<br>rdreitzer@fennemorelaw.com<br>kklingseisen@fennemorelaw.com<br><br>*Attorneys for BANK OF GEORGE<br>and T. RYAN SULLIVAN* | By: */s/ Andre M. Lagomarsino*<br>ANDRE M. LAGOMARSINO, ESQ.<br>NV Bar No. 6711<br>3005 West Horizon Ridge Pkwy, #241<br>Henderson, Nevada 89052<br>Telephone: (702) 383-2864<br>aml@lagomarsinolaw.com<br><br>*Attorney for Steven Trang* |

**IT IS SO ORDERED.**

By: _____
**UNITED STATES MAGISTRATE JUDGE**

**Dated: July 26, 2021**

FENNEMORE CRAIG
ATTORNEYS
300 S. 4th St.
SUITE 1400
LAS VEGAS, NEVADA 89101
702-692-8000

18618698.1/053476.0001

8

# EXHIBIT A

WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____, county _____, state of _____;

I am currently employed by_____ located at _____and my current job title is_____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Case No. 2:17-cv-00162-APG-EJY, pending in the U.S. District Court in the District of Nevada. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents electronically stored information or copies of documents or electronically stored information, designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," obtained pursuant to such Protective Order, or the content of such documents or electronically stored information, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents or electronically stored information except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practicable, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, or destroy, any documents or electronically stored information in my possession designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents or electronically stored information.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      _____

_____ (signed)

_____ (print name)

18618698.1/053476.0001

FENNEMORE CRAIG
ATTORNEYS
300 S. 4th St.
SUITE 1400
LAS VEGAS, NEVADA 89101
702-692-8000