# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN TRANG, | Case No.: 2:17-cv-00162-APG-EJY |
| Plaintiff | **Order Granting in Part Motion to Dismiss Amended Counterclaims** |
| v. | [ECF No. 72] |
| BANK OF GEORGE, et al. | |
| Defendants | |

Plaintiff Steven Trang sues defendants Bank of George (his former employer) and T. Ryan Sullivan (the Bank's president) for wrongful termination under the False Claims Act and Nevada law.[1]  Bank of George filed amended counterclaims against Trang for (1) intentional misrepresentation; (2) negligent misrepresentation; (3) breach of employment offer letter; (4) breach of confidentiality agreement; (5) breach of code of ethics; (6) breach of the implied covenant of good faith and fair dealing; (7) breach of the duty of loyalty; and (8) tortious interference with prospective business advantage.  Trang moves to dismiss the counterclaims, arguing they are not plausibly pleaded, are not pleaded with particularity, or are time-barred.

The parties are familiar with the facts, so I repeat them only as necessary to resolve the motion.  I partially dismiss the third, fourth, and fifth amended counterclaims, with leave to amend.  I dismiss the first, second, sixth, seventh, and eighth amended counterclaims because they are time-barred.

/ / / /

---

[1] Trang originally brought this case as a qui tam action, but the United States of America was dismissed, and Trang now proceeds on his individual claims against the Bank and Sullivan. *See* ECF Nos. 1; 16; 22; 23.

## I. ANALYSIS

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the pleading "does not need detailed factual allegations," it should give the defendant fair notice of the claim "and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Bank's amended counterclaims should thus contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

When adjudicating a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, I use a two-step approach. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, I accept as true all well-pleaded factual allegations and draw all reasonable inferences in the claimant's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). But I do not accept legal conclusions as true, even if they are framed as factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). Second, I consider whether the factual allegations allege a plausible claim for relief. *Iqbal*, 556 U.S. at 679. A claim for relief is plausible when the factual allegations allow me to reasonably infer that the defendant is liable. *Id.* at 678. If the complaint states a conceivable but not plausible claim, I must dismiss that claim. *Twombly*, 550 U.S. at 570.

/ / / /

/ / / /

/ / / /

/ / / /

**A.  Failure to State a Plausible Claim**

1.  Breach of Employment Offer Letter (Amended Counterclaim 3) and Breach of Confidentiality Agreement (Amended Counterclaim 4)

The Bank alleges Trang breached his employment offer letter and confidentiality agreement by taking confidential Bank documents and sharing them with the government and others.  Trang argues the Bank fails to state a plausible claim because it does not identify the others or specify which documents were taken.  He asserts that insofar as the Bank's claims are based on sharing documents with the government to pursue his qui tam action, that conduct is protected by the *Noerr-Pennington* doctrine.  The Bank contends it sufficiently supports an inference that Trang disseminated confidential documents to someone other than the government, which is not protected petitioning activity.  It also argues Trang is not immunized from liability for sharing with the government because his petitioning activity was a sham.

I previously dismissed a similar breach of contract claim in part because the Bank did not specify which documents were taken and to whom, other than the government, Trang disseminated them. ECF No. 69 at 6.  I ruled that the Bank's "hope that discovery will reveal other disclosures is insufficient to avoid dismissal for failure to state a plausible claim." *Id.* at 7.  The Bank does not rectify this defect in its amended counterclaims because it still fails to identify the non-government entities to whom Trang gave the documents.  The Bank states in conclusory fashion that Trang disclosed the documents to "others," but it does not offer any factual allegations supporting an inference that Trang gave the documents to anyone other than the government. ECF No. 70 at 17-19.  These amended counterclaims therefore do not cross the line from conceivable to plausible and I dismiss them insofar as they allege Trang disseminated documents to non-government entities or people.  Because it is not clear that amendment would

3

1   be futile, I dismiss with leave to amend. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir.

2   2016) ("In dismissing for failure to state a claim, a district court should grant leave to amend

3   even if no request to amend the pleading was made, unless it determines that the pleading could

4   not possibly be cured by the allegation of other facts.").

5          I also dismissed the prior claim because the Bank failed to plausibly plead that Trang was

6   not entitled to *Noerr-Pennington* immunity. ECF No. 69 at 7.  The *Noerr-Pennington* doctrine

7   "is a rule of statutory construction that requires courts to construe statutes to avoid burdening

8   conduct that implicates the protections of the Petition Clause of the First Amendment." *United*

9   *States v. Koziol*, 993 F.3d 1160, 1171 (9th Cir. 2021).  While the doctrine was initially rooted in

10  antitrust law, it now extends to the petitioning of any branch of government. *Theme Promotions,*

11  *Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1006-07 (9th Cir. 2008).  Thus, parties who petition

12  the government are generally immune from liability for that activity. *Sosa v. DIRECTV, Inc.*, 437

13  F.3d 923, 929 (9th Cir. 2006).

14         But under the "sham exception," petitioning conduct is not entitled to immunity if the

15  conduct was "objectively baseless in the sense that no reasonable litigant could realistically

16  expect success on the merits" and the petitioner had an unlawful motive in bringing the suit.

17  *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 537-38 (9th Cir. 2022) (quotation omitted).  An

18  unlawful motive includes "[use of] government processes, as opposed to the outcome of those

19  processes, as a mechanism to injure." *Id.* at 538 (quotation omitted).  Whether the sham

20  exception applies is a question of fact. *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*,

21  745 F.3d 343, 352-53 (9th Cir. 2014).  At the motion to dismiss stage, I decide only whether the

22  Bank has plausibly pleaded that the sham exception applies, accepting all well-pleaded facts as

23  true. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 647 (9th Cir. 2009) (a district court

1   errs if it requires more than plausible pleading of a sham exception claim at the motion to

2   dismiss stage).  A pretrial decision on the merits of a *Noerr-Pennington* defense is inappropriate

3   when the relevant facts are disputed. *See Rock River Commc'ns*, 745 F.3d at 352-53.  Some

4   district courts have noted that a finding of *Noerr-Pennington* immunity at the motion to dismiss

5   stage is "rare" because it is a fact-dependent inquiry. *See, e.g.*, *In Re Xyrem (Sodium Oxybate)*

6   *Antitrust Litig.*, 555 F. Supp. 3d 829, 877 (N.D. Cal. 2021).

7        The Ninth Circuit has previously applied a heightened pleading standard to sham

8   exception claims. *See, e.g.*, *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1063 (9th Cir. 1998).  It

9   later appeared to repudiate that approach, holding "a heightened pleading standard should only

10  be applied when the Federal Rules of Civil Procedure so require." *Empress LLC v. City and*

11  *Cnty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005).  Yet after *Empress*, the Ninth Circuit and

12  district courts within this circuit have continued to apply a heightened pleading standard to sham

13  exception claims. *See, e.g.*, *Kearney*, 590 F.3d at 647; *In re Outlaw Laboratories, LP Litig.*, 352

14  F. Supp. 3d 992, 1004-05 (S.D. Cal. 2018).

15       I need not resolve this conflict because even under a heightened pleading standard, the

16  Bank has sufficiently pleaded that Trang's qui tam claims were objectively baseless and brought

17  with an unlawful motive.  Its amended counterclaims allege facts (which I must take as true)

18  demonstrating that no reasonable plaintiff could have expected to succeed on the merits of

19  Trang's claims.  The Bank describes why each allegedly fraudulent loan complied with the law

20  or it disputes Trang's allegations about the illegality of the loans. ECF No. 70 at 11-15.  And it

21  plausibly pleads that Trang brought his qui tam action with an unlawful motive: to harm the

22  Bank in retaliation for his proposed role change and subsequent termination. *Id.* at 7-10, 15, 17-

23  21.  The Bank has thus met even a heightened pleading standard because it has provided "more

5

1   specific allegations than would otherwise be required" to show the sham exception applies.

2   *Kottle*, 146 F.3d at 1063 (quotation omitted).  I therefore deny the motion to dismiss these breach

3   of contract claims insofar as they are based on Trang sharing confidential documents with the

4   government.[2]

5       2.  Breach of Code of Ethics (Amended Counterclaim 5)

6       The Bank asserts that Trang breached its code of ethics by taking confidential documents

7   from the Bank and giving them to the government and others.  For the reasons already discussed,

8   I dismiss with leave to amend the claim insofar as it is based on sharing documents with non-

9   government entities.  But I do not dismiss the claim insofar as it applies to Trang sharing

10  documents with the government.

11      The Bank also asserts that Trang breached the code of ethics by (1) failing to internally

12  report the Bank's alleged illegal activity, (2) "failing to maintain accurate records and accounting

13  information in a reliable and timely manner," (3) having a conflict of interest by attempting to

14  earn his father a commission on a loan and not reporting that conflict of interest, and (4) "using

15  non-public information to attempt to extract a raise and promotion and then, later, a large

16  payout." ECF No. 70 at 19.  Those aspects of the breach of contract claim are not plausibly

17  pleaded because the Bank does not show how it was harmed by Trang's conduct. *See Martin v.*

18  *Clark County*, No. 2:19-cv-01623-APG-DJA, 2021 WL 6064423 at *3 (D. Nev. Dec. 22, 2021)

19  (damages are an element of a breach of contract claim in Nevada).

20  / / / /

21  / / / /

22

23  [2] I take no position on whether Trang's qui claims were objectively baseless or whether he had
    an improper motive in bringing those claims.  I decide only that Bank of George has plausibly
    pleaded those facts.

6

### a. *Failure to follow reporting protocols*

I dismissed the Bank's original breach of the duty of loyalty counterclaim in part because it did not show how failing to report fraud harmed the Bank. ECF No. 69 at 11-12.  The Bank points to the same conduct in its breach of code of ethics amended counterclaim, but it provides no factual allegations supporting a reasonable inference that it was harmed by Trang's failure to follow reporting protocols.  And "it is unclear from the counterclaim's allegations how the Bank was harmed by Trang's failure to report the fraud to the Bank earlier if the Bank was not engaged in a fraud." *Id.*  I therefore dismiss this portion of the breach of code of ethics amended counterclaim.  Because it is not clear that amendment would be futile, I grant leave to amend.

### b. *Failure to maintain accurate records and accounting information*

The Bank's claim is partially based on the allegation that Trang failed to maintain accurate records and information in a timely manner, but the Bank does not plausibly plead how it was harmed by this conduct.  It alleges that its Chief Credit Officer "spent more time with Trang than any other loan officer in requesting additional information as well as in identifying and correcting mistakes in Trang's loan presentations." ECF No. 70 at 5.  But this is insufficient to show the harm required to sustain a breach of contract claim.  I therefore dismiss this portion of the amended counterclaim.  Because it is not clear that amendment would be futile, I grant leave to amend.

### c. *Failure to report conflict of interest*

The Bank alleges that Trang breached by not disclosing a conflict of interest involving his father, but it admits the loan from which Trang's father was to receive commission was never funded, so no funds were paid.  It is thus unclear how the Bank was harmed, so I dismiss this portion of the amended counterclaim.  Because it is not clear that amendment would be futile, I grant leave to amend.

    *d.  Using non-public information to extract a raise, promotion, or payout from the*

    *Bank*

  The Bank argues Trang breached the code of ethics by attempting to leverage confidential documents taken from the Bank to extract a raise and promotion and, after he was fired, a "payout." ECF No. 70 at 10, 19.  But the Bank does not plausibly allege how Trang's unsuccessful pursuit of a promotion, raise, or large payout harmed the Bank.  I therefore dismiss this portion of the amended counterclaim.  Because it is not clear that amendment would be futile, I grant leave to amend.

**B.  Statute of Limitations**

  Trang argues the first, second, sixth, seventh and eighth amended counterclaims are time-barred because the Bank raised them after their limitation periods elapsed.  The Bank asserts that because its claims are compulsory counterclaims, any limitation period tolled once Trang commenced the action and thus the claims are timely.  It also argues Trang waived his statute of limitations defense against its claims for breach of the implied covenant of good faith and fair dealing, breach of the duty of loyalty, and tortious interference with prospective business advantage.

  The Bank's amended counterclaims arise under Nevada law, so I apply state law governing statutes of limitations and tolling. *See Felder v. Casey*, 487 U.S. 131, 151 (1988) (federal court exercising supplemental jurisdiction over state law claims should apply substantive state law); *Guaranty Trust Co. v. York*, 326 U.S. 99, 109-10 (1945) (statute of limitations is substantive); *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) ("Federal courts must abide by a state's tolling rules, which are integrally related to statutes of

1  limitations.").  But I apply any applicable Federal Rule of Civil Procedure. *United States v. Orr*

2  *Water Ditch Co.*, 391 F.3d 1077, 1082 (9th Cir. 2004).

3        In Nevada, the limitation period begins when the relevant claim accrues, meaning "when

4  a suit may be maintained thereon." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997) (per

5  curiam).  Generally, a suit may be maintained once "the aggrieved party knew, or reasonably

6  should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W.*

7  *Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997) (per curiam).

8        1.  Waiver

9        The Bank argues Trang waived his statute of limitations defense to some of the amended

10  counterclaims because he did not raise the defense in a prior motion to dismiss those claims. *See*

11  ECF No. 55.  Trang argues he did not waive the defense because the Bank's original pleading

12  was too vague regarding the running of any limitation period.

13        "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the

14  running of the statute of limitations is apparent on the face of the complaint." *United States ex*

15  *rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013)

16  (alteration and quotation omitted).  Thus, a defendant cannot move to dismiss based on

17  untimeliness if the running of the statute is unclear from the face of the pleading.  The Bank's

18  original counterclaims stemmed from Trang's conduct during his employment, but it was unclear

19  from the pleading when the Bank could first maintain a suit on those claims.  As I noted in my

20  prior order dismissing the counterclaims, they were "often pleaded in a conclusory fashion."

21  ECF No. 69 at 4.  While the Bank admitted it fired Trang on August 26, 2016, it claimed his

22  firing was because of his "poor attitude and disrespectful treatment of [d]efendants," not because

23  of the conduct underlying its claims. ECF No. 47 at 16-18, 20.  And while it admitted it fired

Trang in August 2016, it contradictorily alleged that Trang breached his contract by taking documents "on or around January 2016 […] after his termination." *Id.* at 26.  It was thus unclear whether the Bank's counterclaims accrued upon Trang's termination or some other date because the factual allegations were not so specific that "the running of the statute [was] apparent." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 483 n.1 (9th Cir. 1987).  Trang therefore could not raise the defense in his first motion to dismiss.

But even if the claims' accrual dates were clear, Trang did not waive the defense.  "A defendant who omits a defense under Rule 12(b)(6)—failure to state a claim upon which relief can be granted—does not waive that defense." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317-18 (9th Cir. 2017).  Rule 12(g)(2) prevents a party from asserting an unraised 12(b)(6) defense in a subsequent Rule 12 motion, but the unraised defense can be brought in later pleadings or motions under different provisions of the rules. Fed. R. Civ. P. 12(g)(2); 12(h)(2). Further, the Ninth Circuit is "very forgiving" of a district court's decision to rule on the merits of a late 12(b)(6) argument. *Apple*, 846 F.3d at 318-19.  I read Rule 12(g)(2) "in light of the general policy" that the Federal Rules of Civil Procedure "be construed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* at 318; Fed. R. Civ. P. 1. Trang has asserted the statute of limitations defense in his answer to the amended counterclaims. ECF No. 78 at 12.  If I do not consider the defense here, the parties will relitigate it later.  That would be inefficient and a waste of judicial resources when the parties have briefed the issue and I can decide it now.  Thus, Trang did not waive his statute of limitations defense.

## 2.  Misrepresentation (Amended Counterclaims 1 and 2)

The first and second counterclaims for misrepresentation are subject to a three-year limitation period, which begins when the aggrieved party discovers the facts constituting the

fraud or mistake. Nev. Rev. Stat. § 11.190(3)(d).  The Bank asserts that in August 2016, it offered Trang a changed role because his performance did not comport with representations he made during the hiring process.  After Trang declined the new role, the bank fired him on August 26, 2016.  Because the bank alleges it discovered the facts constituting the misrepresentation during Trang's employment, its misrepresentation claims accrued at the latest on August 26, 2016.  The Bank's original pleading was filed on March 8, 2021, after the limitation period expired, so I dismiss the misrepresentation claims as time-barred.[3]

### 3.  Breach of the Implied Covenant of Good Faith and Fair Dealing (Amended Counterclaim 6)

The Bank's sixth amended counterclaim for breach of the implied covenant of good faith and fair dealing has a four-year limitation period. Nev. Rev. Stat. § 11.190(2)(c); *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1094-95 (D. Nev. 2006).  The Bank claims Trang breached the implied covenant "by fabricating and manufacturing purported legal violations on the part of the Bank and relying on these falsehoods to attempt to receive a raise and promotion and, later, to extract a large payout from the Bank." ECF No. 70 at 20.  Because the Bank alleges that the fabrication and attempt to secure a promotion occurred during Trang's employment, that portion of the claim accrued by the August 26, 2016 termination.  The Bank also alleges that on December 22, 2016, Trang attempted to secure a payment from the bank.  Thus, the limitation period for that portion of the claim began on December 22, 2016.  This claim was first brought in 2021, after the four-year limitation period expired, so I dismiss it as time-barred.

---

[3] Trang also argues these claims are not pleaded with particularity under the heightened pleading standards for fraud claims. *See* Fed. R. Civ. P. 9.  I need not address this argument because the claims are untimely.

1    **4.  Breach of the Duty of Loyalty (Amended Counterclaim 7)**

2         The Bank's claim for breach of loyalty, which is a fiduciary duty, is subject to a three-

3    year limitation period. *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (en banc)

4    ("A breach of fiduciary duty is analogous to fraud, and thus, Nevada applies the three-year

5    statute of limitation set forth in NRS 11.190(3)(d).").  The limitation period runs when the

6    claimant knew or reasonably should have known of the breach. *Id.*  Much of this claim is based

7    on Trang's alleged conduct during his employment, so those portions of the claim accrued by the

8    August 26, 2016 termination.  Part of the claim is based on the allegation that the Bank

9    discovered on December 22, 2016 that Trang took confidential documents.  Thus, that portion of

10   the claim accrued on December 22, 2016.  I dismiss this counterclaim as time-barred because the

11   Bank originally brought it in 2021, after the three-year limitation period expired.

12        **5.  Tortious Interference with Prospective Business Advantage (Amended Counterclaim**

13        **8)**

14        "Claims for intentional interference with prospective business advantage [. . .] are claims

15   for injury to personal property and are therefore subject to the three-year statute of limitations in

16   NRS 11.190(3)(c)." *Stalk v. Mushkin*, 199 P.3d 838, 844 (Nev. 2009).  The Bank claims Trang is

17   liable because he "failed to follow up with prospective clients and, in other instances, was so

18   untimely in his review of loan applications that the Bank was unable to process its standard

19   (higher) volume of files." ECF No. 70 at 22.  Because this counterclaim is based on conduct the

20   Bank alleges it discovered during Trang's employment, it accrued no later than the August 26,

21   2016 termination.  I dismiss it as time-barred because it was originally brought in 2021, after the

22   three-year limitation period expired.

23   / / / /

1          6.  Tolling

2          The Bank argues I should toll the running of the limitation periods because a limitation

3    period is meant to protect against the evidentiary issues that arise from litigating stale claims.

4    The Bank reasons that this purpose is "negated where the evidence to support the compulsory

5    counterclaim will be similar or identical to the evidence used to support the complaint." ECF No.

6    79 at 7.  It points to several federal cases holding that the commencement of an action tolls a

7    compulsory counterclaim's limitation period. *See, e.g.*, *North Cnty. Commc'ns Corp. v. Sprint*

8    *Commc'ns Co., L.P.*, 691 Fed. Appx. 466, 467-68 (9th Cir. 2017) (reversing the district court's

9    decision to toll a counterclaim's statute of limitations from the date of the answer rather than the

10   filing of the complaint under California law); *Yates v. Washoe Cnty. Sch. Dist.*, No. 03:07-cv-

11   00200-LRH-RJJ, 2007 WL 3256576 at *2 (D. Nev. Oct. 31, 2007) (agreeing with the "majority

12   view" that "a plaintiff's institution of a suit tolls or suspends the running of the statute of

13   limitations governing a compulsory counterclaim" for a claim under the Individuals with

14   Disabilities Education Act).  But none of the cases the Bank cites is controlling authority for

15   Nevada law.  And the Supreme Court of Nevada has held that the commencement of an action

16   does not toll the limitation period of a compulsory counterclaim. *Nev. State Bank v. Jamison*

17   *Fam. P'ship*, 801 P.2d 1377, 1382 (Nev. 1990) (per curiam) ("[A] plaintiff, by instituting an

18   action before the expiration of a statute of limitation, does not toll the running of that statute

19   against compulsory counterclaims filed by the defendant after the statute has expired.").  Thus, I

20   will not toll any limitation period merely because Trang's action was pending.

21         Any tolling occurs only from the date the Bank first brought its counterclaims on March

22   8, 2021.  Fed. R. Civ. P. 15(c)(1)(B); ECF Nos. 47; 69.  In its amended counterclaims, the Bank

23   "asserts [claims or defenses] that arose out of the conduct, transaction, or occurrence set out—or

attempted to be set out—in the original pleading." Fed R. Civ. P. 15(c)(1)(B).  The amended counterclaims thus relate back to the filing of the Bank's original counterclaims for limitations purposes. *Id.*

## II.  Conclusion

I THEREFORE ORDER that counterdefendant Steven Trang's motion to dismiss counterclaimant Bank of George's amended counterclaims **(ECF No. 72) is GRANTED in part**.

The amended counterclaims for negligent and intentional misrepresentation, breach of the implied covenant of good faith and fair dealing, breach of the duty of loyalty, and tortious interference with prospective business advantage are dismissed as time-barred.  The amended counterclaims for breach of employment offer letter, breach of confidentiality agreement, and breach of code of ethics are dismissed with leave to amend except insofar as they are based on Trang sharing Bank documents with the government.  I deny Trang's motion to dismiss that portion of the breach of contract claims.  If the Bank of George wishes to file amended counterclaims curing the deficiencies mentioned above, it may file that by January 6, 2023.

DATED this 13th day of December, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE